UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF REAL ESTATE consisting of approximately 4,346 acres, located in Glades County, Florida, together with all appurtenances thereto and all improvements thereon, a/k/a the "S.J. & W. Ranch," Defendant.

No. 88-12082-CIV.

United States District Court,
S.D. Florida.

Sept. 30, 1994.

Robert A. Rosenberg, Asst. U.S. Atty., Ft. Lauderdale, FL, for plaintiff.

J. David Pobjecky, Winter Haven, FL, Phillip E. Kuhn, Lakeland, FL, for defendant.

## *(CORRECTED)* [1] *OMNIBUS ORDER*

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Amend Judgment; Plaintiff's Motion to Stay Certain Proceedings Pending Decision on Motion to Amend Judgment and Motion for Extension of Time, filed August 2, 1994; Plaintiff's Motion to File Response in Excess of Twenty Pages; Plaintiff's Motion for Clarification and Motion to Continue Hearing, filed September 23, 1994; Claimant's Motion for Extension of Time, filed September 1, 1994; and Claimant's Motion for Evidentiary Hearing on Costs and Attorneys Fees, filed August 25, 1994.

### I. *Certificate of reasonable cause for seizure, 28 U.S.C. § 2465*

On May 5, 1994, this Court published an opinion which found that the Defendant property should be returned to the Claimants. After an exhaustive treatment of the facts established throughout the proceedings in this case, I concluded that:

---

1. On page 8 of the Omnibus Order issued on September 26, 1994, the Court stated: *"See also, e.g., United States v. Property at 2323 Charms Road,* 728 F.Supp. 1326 (E.D.Mich.1990) (claimant entitled to EAJA fees since magistrate's pre-seizure finding of probable cause, followed by claimant's successful motion to dismiss the forfeiture complaint did not amount to substantial justification)". The Court has subsequently determined that the Sixth Circuit reversed this opinion in *United States v. Property at 2323 Charms Road,* 946 F.2d 437 (6th Cir.1991), be-

cause the lower court had erroneously determined that the insufficiency of the amended complaint supported a finding that there was no substantial justification for the action, for purposes of awarding EAJA attorney's fees. The Sixth Circuit found that the inquiry as to substantial justification must be limited to consideration of the government's burden at the stage of litigation at which the case is resolved. That reversal has no effect on my prior rulings in this case. This Corrected Omnibus Order omits the citation.

[T]he United States' case on probable cause is probably wanting. However, it is not necessary to finally decide this issue because the case presented by Claimants is so clear and the response by the United States is sufficiently wanting that the Court has determined that Claimants are indeed innocent owners entitled to the remedy of return of their property.

*United States v. One Parcel of 4,346 Acres,* 852 F.Supp. 1013, 1040 (S.D.Fla.1994).

The United States has asked that this Court amend its opinion to include a "certificate of reasonable cause", pursuant to 28 U.S.C. § 2465. That statute provides that:

Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant or his agent; but if it appears that there was reasonable cause for the seizure, the court shall cause a proper certificate thereof to be entered and the claimant shall not, in such case, be entitled to costs, nor shall the person who made the seizure, nor the prosecutor, be liable to suit or judgment on account of such suit or prosecution.

28 U.S.C. § 2465.

On March 13, 1990, this Court noted that the factual basis for probable cause for forfeiture in this case "only barely passes legal sufficiency." On November 23, 1990, this Court granted partial summary judgment for the United States on the probable cause issue, but reserved ruling on the innocent owner defense. Thirty-two months later, on July 22, 1993, this Court receded from its prior ruling on probable cause. Then, after a bench trial begun in October 1993, and considerable time spent studying the record, I concluded that:

This Court originally found probable cause because not all of the testimony had been presented. I could not say that the law enforcement officers had no legitimate basis for believing that the property was used or intended to be used to import

illegal substances, based on the statements of participants in the conspiracy.

*4,346 Acres,* 852 F.Supp. at 1036.

■ It is my intention to make clear, however, that a determination was made near the inception of this action that the government, on the evidence that it had before it at the time, had probable and reasonable cause to file its action and to seize the property. In the opinion rejecting the government's claim upon the property, I noted that the developing insufficiency in the proof of probable cause was "not the fault of government counsel." *4,346 Acres,* 852 F.Supp. at 1036.[2] In short, lest there be any question about this point, I have determined that there was originally sufficient evidence to permit the government to seize the Defendant property. As I understand 28 U.S.C. § 2465, it operates primarily to immunize prosecutors, and those persons who perform the actual seizure, from individual liability for suits or judgments resulting from a claimant's successful defense of a forfeiture action. The statute envisions that a "certificate" of reasonable cause for the seizure may issue and that such certificate will not only immunize the prosecutor but will also prohibit a claimant from recovering the "costs" of litigating the forfeiture action. The term "costs" in 28 U.S.C. § 2465 does not embrace attorneys fees. *United States v. 255 Broadway,* 795 F.Supp. 1225 (D.Mass.1992), *aff'd,* 9 F.3d 1000 (1st Cir.1993).

I hereby amend my earlier opinion to include the following statement: **"The United States had reasonable cause to believe that the Defendant property was subject to seizure at the time that the property was seized."** The Court's determination as to the existence of reasonable cause for the seizure of this property should not, however, foreclose the Defendant's opportunities to seek further relief.

*II. Potential award of attorneys' fees under EAJA*

■ The Equal Access to Justice Act, "EAJA", provides for an award of costs and

---

**2.** The statute does not provide that the government may be insulated from further responsibility simply by asserting that it acted in "good faith" in seizing the property, *United States v. $637,944.57,* 746 F.Supp. 1441, 1446 (D.Hawaii 1990).

"reasonable fees and expenses of attorneys" to a prevailing party in a civil action brought by or against the United States, 28 U.S.C. § 2412(b). The award of attorney's fees is discretionary with the court, depending upon "whether the United States' position in the litigation was 'substantially justified.'" *United States v. Armendaris,* 790 F.2d 860, 863 (11th Cir.1986). Through the EAJA, Congress has waived sovereign immunity and rendered the United States liable for costs and attorney's fees and expenses to the same extent as any private party. *United States v. Shaffer Equipment Co.,* 796 F.Supp. 938, 954 (S.D.W.Va.1992). The Eleventh Circuit has painstakingly analyzed the legislative history of the EAJA and concluded that the word "position" refers to the government's litigation position rather than the position taken by the governmental agency on the underlying action before litigation. *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984). "The government's litigation position involves its process of following up on the decision to seize and pursuing forfeiture through the trial stage." *United States v. 255 Broadway,* 795 F.Supp. 1225, 1237 (D.Mass.1992), *aff'd,* 9 F.3d 1000 (1st Cir.1993).

The Eleventh Circuit has also specified that the standard for substantial justification under EAJA is "one of reasonableness." *United States v. 4880 S.E. Dixie Highway,* 838 F.2d 1558, 1561 (11th Cir.1988). The court also cited the legislative history of the statute and noted Congress' rejection of a standard of "reasonably justified" in favor of "substantially justified". *Id.,* at 1561, n. 6. Although the court has stated that the test is "more than mere reasonableness", *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1496 (11th Cir.1986), there has been no further elaboration.

The First, Sixth, and Ninth Circuits have noted that probable cause for initial seizure does not automatically translate into a finding that the government was substantially justified in its pursuit of forfeiture. In *United States v. 255 Broadway,* 9 F.3d 1000 (1st

Cir.1993), the First Circuit affirmed the lower court's denial of costs under 28 U.S.C. § 2465, pursuant to the issuance of a certificate of probable cause in a forfeiture proceeding pursuant to 21 U.S.C. § 881(a)(6). Although the First Circuit found error in the district court's emphasis on the existence of probable cause at the time of the hearing, rather than at the time of the initiation of the forfeiture proceedings, the district court had, nevertheless, issued a certificate of probable cause and properly denied the claimant's request for costs.[3] This determination did not resolve the question of EAJA fees for the claimant. The First Circuit recognized a distinction between the government's decision to institute proceedings and its persistence in seeking forfeiture after the initiation of proceedings. The court found that the claimant's argument as to initiation of the forfeiture action was foreclosed by the decision that the government did have probable cause to institute the forfeiture action. As to the government's "litigation position", the appellate court noted that the district court specifically found that the government's persistence in seeking forfeiture was fully justified. The district court judge wrote that "[h]aving found that the government's decision to initiate the proceedings was substantially justified, and having been pointed to no factor that undermined that preliminary decision, I find the government's pursuit of its case to trial was reasonable." In explaining his ultimate determination that the government had not proven its case on probable cause, the district court judge stated that: "[t]hus, what once appeared to be a sound case for the government—and indeed a legitimate instance of probable cause—was eroded during three days of receiving evidence." *United States v. 255 Broadway,* 795 F.Supp. 1225, 1238 (D.Mass.1992), *aff'd,* 9 F.3d 1000 (1st Cir.1993). Based on these findings, the First Circuit affirmed the denial of attorneys fees under the EAJA. I note that, if the issuance of a certificate of probable cause or, alternatively, the determination that the gov-

---

**3.** The First Circuit noted that, despite its finding that the government had met its initial burden on probable cause, the government was foreclosed from further pursuit of its forfeiture claim be-

cause it had failed to file a cross-appeal in the case. *United States v. 255 Broadway,* 9 F.3d 1000, 1007 (1st Cir.1993).

ernment was substantially justified in *initiating* the forfeiture proceeding were sufficient to determine any entitlement to fees under the EAJA, the First Circuit would not have addressed the lower court's findings as to any intervening evidence.[4]

The Sixth Circuit, in *United States v. One 1985 Chevrolet Corvette,* 914 F.2d 804, 809 (6th Cir.1990), stated that "[t]he government's position in initiating the forfeiture proceeding was substantially justified, and nothing that occurred during the trial required the government to abandon the proceeding."

In *United States v. $12,248,* 957 F.2d 1513 (9th Cir.1991), the Ninth Circuit found that the government's action in conducting a poor investigation of a claimant's case and unreasonably delaying the pursuit and processing of the forfeiture claim were sufficient to demonstrate that its position was not substantially justified, despite an earlier finding of summary judgment for the government on probable cause. *Id.* at 1517. When that case proceeded to trial four years after the initial seizure, the court found that the currency at issue had an independent innocent source and awarded attorney's fees to the claimant.

The Fourth Circuit, in reversing an award of EAJA attorneys' fees to a successful claimant in a § 881 forfeiture case, has written that "[i]t is difficult to understand how the district court could later find the government's position lacking in substantial justification when it had previously acknowledged that the government had satisfied the initial evidentiary burden of a full-scale forfeiture trial." *United States v. B· & M Used Cars,* 860 F.2d 121, 124 (4th Cir.1988). In that case, the district court conducted an adversarial proceeding, issued a warrant which included an express statement that the government had established probable cause to

support the seizure, and then awarded EAJA attorney's fees to the claimant after the government ultimately dismissed the civil forfeiture action. The facts of *B & M* do not give rise to the type of inquiry at issue in the present case. In *B & M,* the district court's decision that the government was not substantially justified apparently rested on several factors that were procedural rather than substantive in nature. For example, the court noted that the government failed to provide witnesses at a scheduled deposition, and that the related criminal charge was subsequently dismissed, along with the civil forfeiture complaint. The Fourth Circuit reversed the lower court's award of attorney's fees under the EAJA since the award was not based on a determination as to the essential validity of the action, *id.,* 860 F.2d at 125. The *B & M* case is inapposite to the situation we face. The Fourth Circuit found fault with the lower court's reliance on procedural matters, rather than on the substance of the government's position. Here, in the present case, after several years of litigation and a lengthy trial, I concluded that the statements on which I based the original probable cause determination were flawed as to their source. The subsequently developed information as to the credibility of the government's key informant substantially changed my opinion as to the justification of this forfeiture action.

■ As the Eleventh Circuit has stated, "potentially unjustified forfeiture actions should be subject to particular scrutiny". *United States v. 4880 S.E. Dixie Highway,* 838 F.2d at 1564. This forfeiture was filed on September 13, 1988, Claimants filed their claim of ownership on September 23, 1988, and a bench trial began on October 12, 1993. Several of the government's expert witnesses were not hired until two months or less prior to trial.[5] As the Opinion of May 5, 1994, is

---

4. In an earlier decision in a different case, the First Circuit implied that, despite a finding of reasonable cause for seizure, intervening events might justify a decision that the government's action was not substantially justified. The appellate court upheld a lower court's denial of EAJA fees to claimants who succeeded on an innocent owner defense, based on a finding that the government's position was substantially justified. In a footnote, the court distinguished *United States v. $12,248,* 957 F.2d 1513, 1517 (9th Cir.1991),

and noted that, unlike the Ninth Circuit, it was not faced with evidence that "the government dilly-dallied, pursued the forfeiture in an unreasonable manner, or acted in bad faith." *United States v. One Parcel Known as Plat 20, Lot 17, Great Harbor Neck, New Shoreham, Rhode Island,* 960 F.2d 200, 209–10 n. 9 (1st Cir.1992).

5. While this Court has not addressed the matter of delay, if any, in the prosecution of this action,

significantly detailed as to the proceedings and lack of proof as to essential matters in this case, I will not go further at this time. Suffice to say that there were numerous events which might have given the United States reason to doubt the appropriateness of this forfeiture action proceeding against these Defendants from an early point in time. I note for the record that my decision is not based on any presumptions arising out of the government's lack of success at trial. I am relying instead on the government's failure to prove a substantial justification for this forfeiture action against this Defendant property and these Claimants.[6]

### III. Other relief sought by Claimants

 The issuance of a certificate of probable cause may not, in and of itself, prohibit a court from requiring the government to reimburse an owner for any depreciation in the value of her forfeited property. The word "costs" under § 2465 includes "court costs and costs incident to the seizure" but not "the value of the property itself at the time it was seized." *United States v. One 1965 Chevrolet Impala Convertible,* 475 F.2d 882, 886–87 n. 3 (6th Cir.1973). However, nothing in this statute specifically authorizes the payment of money damages to reimburse a claimant for depreciation in the value of seized property. *United States v. One 1979 Cadillac Coupe de Ville,* 833 F.2d 994 (Fed.Cir.1987). The Federal Circuit, in *One 1979 Cadillac,* distinguished the Sixth Circuit's holding in *One 1965 Chevrolet* because the argument faced by the Sixth Circuit was only whether or not the section prohibited the award of damages to cover depreciation in value. In *One 1979 Cadillac* the appellate court noted that the district court (E.D.Ky.) had found probable cause for the seizure (based on a jury verdict for the claimant). The Federal Circuit found that the only possible basis for a district court's

power to require the government to pay depreciation damages was 28 U.S.C. § 1346(a)(2), which was cited by the Sixth Circuit in *One 1965 Chevrolet.* The Federal Circuit refused to apply Sixth Circuit law to the case and found that there was no explicit waiver of sovereign immunity in 28 U.S.C. § 2465 and that, absent such a clear waiver, the United States was not liable for the depreciation of seized property while in government custody. *One 1979 Cadillac,* 833 F.2d at 999. The Court reserves ruling on the appropriateness of any claims for damages, depreciation, etc., until after hearing argument from the parties at the next presently scheduled hearing.

One of Plaintiff's pending motions requests that the Court stay the proceedings with respect to the demand for attorneys' fees and costs pending the Court's decision on the Plaintiff's motion to amend the final judgment. As the Court has presently ruled, the Motion to Amend the Final Judgment has been resolved. The Plaintiff also seeks a preliminary determination on jurisdiction and sovereign immunity issues. The Court will address these matters, as necessary, at the hearing on Claimants' Application for Attorneys' Fees and Costs and Claimants' Motions for Sanctions and Compensatory Damages and Costs. The Motion to Stay Proceedings is therefore DENIED. Claimant's Motion for Evidentiary Hearing on Costs and Attorneys Fees, filed August 25, 1994, is GRANTED, as would be consistent with the instant ruling. Plaintiff's Motion for Clarification and Motion to Continue Hearing, filed September 23, 1994, is GRANTED, in part. This Order should clarify the agenda for the hearing. As both parties were informed by a telephone call from this chambers on August 29, 1994, the evidentiary hearing will include all pending motions.

Plaintiff received notice of Claimants' intended expert witnesses on September 21,

---

the Court takes note that, according to Assistant United States Attorney Rosenberg, the United States chose to assign this case to Mr. Rosenberg on July 28, 1993. This Court's Order setting the case for trial on October 12, 1993, was issued on July 23, 1993.

**6.** Courts so far have not distinguished between substantial justification as to the seized property

and substantial justification as to the owner. A finding of innocent ownership might logically imply that the forfeiture action was not justified with respect to the owner. Riedi, Claudio, "To Shift or to Shaft: Attorney Fees for Prevailing Claimants in Civil Forfeiture Suits", 47 U.Miami L.Rev. 189 n. 206.

1994. If Plaintiff is unable to depose the Claimants' two expert witnesses prior to the September 30 hearing, the Court will provide Plaintiff with sufficient time prior to the presentation of these witnesses' testimony. This matter is set for a hearing on all pending matters beginning at **9:00 a.m. on Friday, September 30, 1994.**

The Plaintiff requested an extension of time until August 20, 1994, to file its response to Defendant's Application for Attorneys Fees and Costs, Motion for Sanctions and Motion for Compensatory Damages and Costs. Plaintiff's Motion for Extension of Time to file response is hereby GRANTED until August 23, 1994, *nunc pro tunc,* such that the response (already received) to the Motion for Sanctions and the response to the Motion for Compensatory Damages are deemed to be timely filed. Plaintiff's Motion to File Response in Excess of Twenty Pages is GRANTED. As the United States does not oppose the request, Claimant's Motion for Extension of Time is GRANTED until September 21, 1994, *nunc pro tunc,* such that both the "Response to the United States' Response to Claimant's Motion for Costs and Damages" and the "Response to the Government's Response on [sic] Claimant's Motion for Sanctions" are deemed to be timely filed.

DONE AND ORDERED.