**UNITED STATES of America, Plaintiff,**

v.

**ELEVEN VEHICLES, et al., Defendants.**

**Civil Action No. 91–6779.**

United States District Court,
E.D. Pennsylvania.

May 30, 1997.

---

Michael L. Levy, Pamela Foa, Asst. U.S. Atty., Philadelphia, PA, Michael M. Baylson, Sonia C. Jaipaul, Robert Goldman, Ronald H. Levine, U.S. Attys. Office, Philadelphia, PA, for U.S.

Robert Clyde Ivy, Lancaster, PA, pro se.

Charles H. Ivy, Law Offices of Charles H. Ivy, Atlanta, GA, for Robert Clyde Ivy and Irene Ivy.

Wayne K. Radcliffe, Lancaster, PA, pro se.

Marilyn J. Gelb, Philadelphia, PA, for Wayne K. Radcliffe.

Bruce A. Franzel, Holtwood, PA, for Terrance P. Faulds.

Terrance P. Faulds, Holtwood, PA, pro se.

Irene Ivy, Lancaster, PA, pro se.

Fred D. Furman, Kleinbard, Bell & Brecker, Philadelphia, PA, for Kleinbard, Bell & Brecker.

James H. Foster, Mellon Bank, N.A., Harrisburg, PA, for Mellon Bank, N.A.

John H. Whitmoyer, Henry & Beaver, Lebanon, PA, for Lebanon Valley Nat. Bank.

Mark E. Cedrone, Carroll & Cedrone, Philadelphia, PA, for Gerald Schuler.

Elaine K. Radcliffe, Lancaster, PA, pro se.

Michelle E. Radcliffe, Lancaster, PA, pro se.

EDUARDO C. ROBRENO, District Judge.

In this civil forfeiture case, claimants Robert Clyde Ivy and Irene Ivy, and plaintiff United States, have each moved for reconsideration of the Court's Order of August 30, 1996 (as amended September 9, 1996),[1] which held that the government had reasonable cause for initiating the forfeiture action in this case but that the claimants were nevertheless entitled to attorney's fees under the Equal Access to Justice Act ("EAJA") because the government's position was not substantially justified. *See* Claimants' motion for reconsideration and supporting memoranda (doc. nos. 161 & 168); and the government's response thereto (doc. no. 166); the government's motion for reconsideration and

supporting memorandum (doc. no. 162); and the claimants' response thereto (doc. no. 165).

Claimants have also filed a motion for cost of living adjustment for attorney's fees and supporting memoranda (doc. nos. 160 & 164), as well as an itemized statement of counsel's hours, rates and expenses and supporting affidavits and documentation (doc. no. 163). The government has countered with prolix objections to claimants' itemized statement of counsel's hours, rates and expenses (doc. no. 171) as well as a supplemental memorandum (doc. no. 172) to which the claimants have filed a reply (doc. no. 174).

For the reasons that follow, the motions for reconsideration are denied; the claimant's motion for a cost of living adjustment is granted in part and denied in part; and the government's objections to claimants itemized statement of attorney's fees and expenses are sustained in part and overruled in part.

## I. MOTIONS FOR RECONSIDERATION

The Third Circuit has instructed that "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). The Court will thus review each party's motion for reconsideration under this standard.

### A. *The Government's Motion for Reconsideration*

The government moves for reconsideration of the Court's determination that the government's position was not substantially justified. "Substantial justification under the [fee shifting provision of the Equal Access to Justice Act] has been defined by the Supreme Court as 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.' … Alternatively phrased, an agency position is substantially justified if it has a reasonable basis in both law and fact." *Hanover Potato Products, Inc. v. Shalala,* 989 F.2d 123, 128

1. *United States v. Eleven Vehicles,* 937 F.Supp. 1143 (E.D.Pa.1996) (*"Eleven Vehicles III"*).

(3d Cir.1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988)). The government has the burden of "demonstrating substantial justification for its position." *Id.*

 While the Court found that the government's position taken pre-litigation, or agency position, was substantially justified (i.e., it had probable cause to initiate the forfeiture proceeding), it found that its litigation position was not. *Eleven Vehicles III*, 937 F.Supp. at 1153. In determining whether the government was substantially justified the Court was constrained to "treat[ ] the case as an inclusive whole." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161–62, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990). Thus, considering both the government's agency position pre-litigation and its litigation position, the Court concluded that the government's position was not substantially justified.[2] *Eleven Vehicles III*, 937 F.Supp. at 1154.

The government's motion for reconsideration is merely a rehash of the arguments it made earlier in the litigation. Upon reexamination, the Court finds no manifest error of law or fact in its holdings, and the government has presented no newly discovered evidence to persuade the Court otherwise. Therefore, the Court denies the government's motion for reconsideration.

### B. *The Claimant's Motion for Reconsideration*

The claimants seek reconsideration, in the main, of (1) the Court's Order granting of a certificate of reasonable cause to the government; and (2) the Court's denial of the claimants' entitlement to attorney's fees at market hourly rates.

### 1. *The Issuance of a Certificate of Reasonable Cause*

 The claimants base their argument for reconsideration of the issuance of a certificate of reasonable cause partly on the ground that the affidavit of Special Agent David G.

Herbert ("Herbert Affidavit"), upon which the seizure warrant was issued, was insufficient to establish probable cause for forfeiture. The claimants argue that the Herbert Affidavit was insufficient because it did not reference money laundering or the money laundering statutes.

Agent Herbert, in his affidavit, states that he investigated "methods used by those engaged in corporate financial fraud to attempt to shield their activities and I have specialized in this investigation in tracing the proceeds of the unlawful activities of, among others, Robert C. Ivy. . . . " Herbert Affidavit at ¶ 9. He also states "I believe that there is probable cause that the defendant properties are subject to forfeiture under Title 18, United States Code, Section 981(a)(1)(A), (C)." *Id.* at ¶ 17.

In turn, section 981(a)(1)(A) provides for civil forfeiture of property involved in a transaction in violation of, inter alia, the money laundering statutes, 18 U.S.C. §§ 1956 or 1957. 18 U.S.C. § 981(a)(1)(A). The Herbert Affidavit thus identifies money laundering by reference and, therefore, adequately supplies the probable cause needed for the initiation of forfeiture proceedings. Additionally, the civil forfeiture complaint incorporated the criminal indictment which explicitly invoked the money laundering statutes.

The claimants also rehash their previous argument that the government, two years prior to initiating this forfeiture case, entered into an agreement with Ferranti, the company taken over by ISC to facilitate illegal activity, in which the government accepted Ferranti's representation of ignorance and innocence of criminal activities at the time of its merger with ISC and through the date of the agreement. The claimants contend that the Ferranti agreement is patently inconsistent with a finding of probable cause. The claimants reason that if any part of Ferranti was not forfeitable then the government could not have had probable cause to believe that all of Ferranti's assets were forfeitable

---

**2.** This finding enabled the claimants to receive an award of attorneys' fees because they were the prevailing party in the litigation, no circumstances existed that would make an award of

attorneys' fees unjust, and the claimants filed a fee application within thirty days of final judgment. *Jean*, 496 U.S. at 158, 110 S.Ct. at 2319.

and, thus, the government could not seek civil forfeiture of all of the claimants' assets without tracing those assets to the illegal activities of Ferranti. The Court found this argument unconvincing and cited Agent Herbert's conclusion that "'substantially all of Robert Clyde Ivy['s] ... incomes were the proceeds of [the] unlawful conduct [alleged in the underlying criminal indictment] and these proceeds have been traced to the defendant properties herein.'" *Eleven Vehicles III*, 937 F.Supp. at 1148 (quoting Herbert Affidavit at ¶ 12).

■ Finally, claimants argue that the Court erred in issuing the certificate of reasonable cause in spite of its findings that the government relied on statutes which were enacted after some or all of the forfeitable conduct occurred. The claimants were, indeed, successful on two summary judgment motions in which the Court found that the statutes in question were impermissibly applied retroactively. *See United States v. Eleven Vehicles*, 836 F.Supp. 1147 (E.D.Pa. 1993) *("Eleven Vehicles I ")*; *United States v. Eleven Vehicles*, 898 F.Supp. 1143 (E.D.Pa. 1995) *("Eleven Vehicles II ")*. The Court nevertheless determined that the government had probable cause to seize the property *at the time of seizure*, which is the appropriate time to determine probable cause. *Eleven Vehicles III*, 937 F.Supp. at 1148 (citing *United States v. One DLO Model A/C, 30.06 Machine Gun*, 904 F.Supp. 622, 637 (N.D.Ohio 1995); *United States v. Parcels of Real Property with the Bldg., Appurtenances, and Improvements Located at 255 Broadway*, 795 F.Supp. 1225, 1230 (D.Mass. 1992), *aff'd*, 9 F.3d 1000 (1st Cir.1993)). On reconsideration, the Court concludes that the government met its "relatively light burden," and despite the Court's later findings achieved with the benefit of hindsight, the Court finds that, under "the circumstances on the date of the institution of the forfeiture

proceeding 'taken as a whole,' " "the government had probable cause to believe the subject property [was] forfeitable." *255 Broadway*, 9 F.3d at 1004, 1005. Therefore, the Court denies the claimants' portion of the motion seeking reconsideration of the issuance of the certificate of reasonable cause.[3]

### 2. *Denial of Claimants' Attorney's Fees at Market Rates*

■ The claimants also seek reconsideration of the Court's decision to deny the claimants attorney's fees at market rates, but rather award attorney's fees at the rate provided for in the EAJA statute. The claimants first argue that there are special factors in this case warranting attorney's fees at market rates. The claimants assert that "counsel was, in effect, appointed by the Court to continue representation of Claimants through summary judgment litigation" and that claimants' counsel was in fact the only attorney the Court could "press into service on Claimants behalf." Claimants' Memorandum in Support of Claimants' Motion for Reconsideration at 6–7. This issue was adequately addressed in *Eleven Vehicles III. Eleven Vehicles*, 937 F.Supp. at 1155.

First, counsel was not subject to the involuntary conscription he now claims. If dissatisfied with the assignment counsel could have turned down the representation, or later sought leave to withdraw.

Second, the claimants argument that there were no other qualified counsel available, is made without support. Claimants never demonstrated that qualified counsel was not available. Other qualified counsel may have been available but only at an hourly rate substantially higher than what claimants could afford or was statutorily available. The Supreme Court has held that " '[l]imited availability' so interpreted would not be a

---

3. The claimants also seek reconsideration of the Court's finding that the government's agency position in initiating the forfeiture proceedings was substantially justified. The Court, likewise, finds no reason to alter its previous finding and, therefore, denies the claimants' portion of the motion on that issue.

Finally, the claimants included their costs in their itemized statement of counsel's hours, rates

and expenses and requests an award of those costs in the event the Court vacates its order granting the government a certificate of reasonable cause. As the Court denies the claimants' motion for reconsideration on the reasonable cause issue, any reimbursement for costs is barred by 28 U.S.C. § 2465. Therefore, as the claimants concede, costs are not awarded.

'special factor,' but a factor virtually always present when services with a market rate of more than $75 have been provided." *Pierce v. Underwood,* 487 U.S. 552, 572, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988).

Third, given that claimants failed to show that no other counsel would have accepted the case, albeit at a higher hourly rate, the issue is whether counsel's background and experience qualify him for a "special factors" exception to the statutory rate. A "special factor" may exist where the attorney had "some distinctive knowledge or specialized skill needful of the litigation in question.... Examples ... would be an identifiable practice specialty.... Where such qualifications are necessary and can be obtained only at rates in excess of the $75 cap, reimbursement above that limit is allowed." *Id.*

The Court finds that this case is not one in which special qualifications were necessary. In fact the claimants' attorney admittedly did not have experience in the area of forfeiture. Despite the lack of experience, counsel competently represented claimants by relying upon his "extraordinary level of the general lawyerly knowledge and ability useful in litigation." *Id.*

■ The claimants next contend that the government's delay in this case warrants market rate attorney's fees. The Court found that the government's delay in this case did warrant consideration in determining that the government position was not substantially justified. However, the Court finds that the government's delay does not rise to the level of a special factor nor does it warrant the invocation of fee shifting under the common law exception to the "American Rule" as authorized by 28 U.S.C. § 2412(b). Therefore, the Court denies the claimants'

motion to reconsider awarding attorneys' fees at market rates.

## II. ISSUES REGARDING ATTORNEY'S FEES AND EXPENSES

### A. *The Claimant's Motion for Current Cost of Living Adjustment*

■ Pursuant to the Equal Access to Justice Act, 28 U.S.C.A. § 2412(d)(2)(A) (West 1994),[4] the Court awarded the claimants attorney's fees at the statutorily capped rate of $75 per hour plus an appropriate cost of living adjustment. *Eleven Vehicles III,* 937 F.Supp. at 1156. The claimants have moved for an upward adjustment of the awarded rate to accurately reflect the current cost of living. As the Third Circuit found in *Dewalt v. Sullivan,* 963 F.2d 27, 29–30 (3d Cir.1992), the appropriate cost of living adjustment is to be based on the consumer price index for all urban consumers (CPI–U). The Court will, therefore, award the claimant attorneys' fees based on the capped rate of $75 increased by nationwide CPI–U[5] in effect at the midpoint of the litigation. *Levernier Construction v. United States,* 21 Cl.Ct. 683, (1991) ("The endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered."), *vacated on reconsideration,* 22 Cl.Ct. 247, *rev'd on other grounds,* 947 F.2d 497 (Fed.Cir.1991). The temporal midpoint of this litigation is January 1995, as the compensable services were rendered between February 1993, when claimant's counsel made his first appearance, and November 1996 when claimant's counsel made his last filing. Therefore, the statutory cap of $75 increased by the increase in the CPI–U of 60.9% in January 1995 results in an hourly rate of $ 120.68.[6] Therefore, the

4. This statute was amended on December 21, 1995 to increase the capped rate for attorneys' fees from $75 to $125 per hour. 28 U.S.C.A. § 2412(d)(2)(A) (West Supp.1997). This increase is applicable only to civil actions initiated after March 29, 1996 and, therefore, does not apply to this case. *See* § 233 of Pub.L. 104–121.

5. The government asks the Court to use the lower CPI–U for the Atlanta area because the claimant's counsel is an Atlanta lawyer and performed most of his services there. The claimants' counsel requested the nationwide CPI–U, but con-

tends that if the government's reasoning applies he should receive the higher CPI–U of the Philadelphia area because the litigation took place in Philadelphia. The Court holds that the nationwide CPI–U should apply because services were performed in both locations and that is the CPI–U that has been applied in this circuit. *Dewalt,* 963 F.2d at 30.

6. The increase is calculated as follows: (index value at the end of the period minus index value at the beginning of the period) divided by index value at the beginning of the period, times 100,

claimants' motion for current cost of living adjustment is granted in part and denied in part.

### B. *The Government's Objections to the Claimants' Itemized Statement of Counsel's Hours, Rates and Expenses*

Claimants appeared pro se from the beginning of the litigation up until February 3, 1993 when the claimants' attorney appeared before the Court for the first time.[7] Claimants seek compensation for attorney's fees for the time spent by counsel preparing pleadings for them and during which claimants purported to be proceeding pro se. The government accurately argues that pro se litigants are normally not entitled to attorneys' fees. *Kay v. Ehrler*, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). Claimants contend that attorneys should be and normally are awarded fees for work performed before the actual entry of their appearance. However, claimants fail to distinguish those cases in which an attorney is merely billing for work he or she did prior to entering a formal appearance from a case such as this where the claimants represented to the Court that they were pro se and signed all the court pleadings themselves, while in fact, they were receiving legal assistance by counsel.

Important policy considerations militate against validating an arrangement wherein a party appears pro se while in reality the party is receiving legal assistance from a licensed attorney.

One, participating in a ghost writing arrangement such as this, where the lawyer drafts the pleadings and the party signs them, implicates the lawyer's duty of candor to the Court. *See* Rule 3.1(a)(1) of the Pennsylvania Rules of Professional Responsibility. Clearly, the party's representation to the Court that he is pro se is not true when the pleadings are being prepared by the lawyer. A lawyer should not silently acquiesce to such representation. Two, ghost writing arrangements interfere with the Court's ability to superintend the conduct of counsel and parties during the litigation. For example, certain conduct may be sanctionable if committed by counsel but not if committed by a party. *See, e.g.,* 28 U.S.C. § 1927. Knowing whether the pleadings were prepared by a lawyer or non-lawyer is therefore important to the administration of justice in the case. Moreover, the extent of pre-filing factual investigation and legal research required to be done in a particular case may vary depending upon whether a party is represented by counsel or proceeding pro se. *See* Fed. R.Civ.P. 11. Finally, it would be unfair to construe a pro se litigant's pleadings more liberally than the pleadings of a counselled litigant when in reality the pro se litigant has had the benefit of counsel. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Therefore, the government's objection to the claimants' claim to attorney's fees during the portion of the litigation that they were pro se litigants is sustained. The claimants will not be awarded attorneys' fees for the period prior to February 3, 1993, the day counsel first appeared before the Court. The government's other objections to the claimants' attorneys' fees are overruled.

After reviewing the claimants' statement of counsel's hours, the Court conclude that the hours expended after counsel made his appearance in February 1993 are compensable. The Court finds that the claimants' attorney reasonably performed 1182 hours of legal work on this case and that the appropriate rate is $120.68 per hour. Therefore, the Court awards attorney's fees to claimants in the amount of $142,643.76.

### C. *The Claimants' Motion for Expenses and Costs*

The claimants have included the expenses of pursuing this civil forfeiture action in their

---

equals the percentage increase. *Bureau of Labor and Statistics Handbook*, Bulletin 2414, at 179 (Sept.1992). In this case, the end of the period is measured as the temporal midpoint, or January 1995. The index value in January 1995 was 150.3. The beginning of the period is the time when the $75 attorney's fee rate cap was set, October 1981. The index value in October 1981 was 93.4. Therefore, the equation is: ((150.3 − 93.4)/93.4) × 100 = 60.9% increase in the rate to account for cost of living increase. Seventy-five dollars increased by 60.9% would be $120.68 per hour.

**7.** Claimants' counsel is the brother of claimant Robert Clyde Ivy.

itemized statement of counsel's hours, rates and expenses. In *Eleven Vehicles III,* the Court did not discuss the issue of claimants' expenses, but did award claimants attorney's fees and denied claimants an award of costs. *Eleven Vehicles III,* 937 F.Supp. at 1149–54. To the extent that the Court did not rule on the request for payment of claimants' expenses, the Court will treat claimants' request as a motion for reconsideration.

An award of costs to a claimant is expressly prohibited where the Court issues a certificate that there was reasonable cause for the seizure. 28 U.S.C. § 2465. Here, since the Court issued a certificate of reasonable cause to the government, the claimants are not entitled to costs.[8] The statute, however, is silent as to attorneys' fees and expenses. The Court earlier found that the statute does not preclude an award of attorneys' fees. *Id.* at 1149 (citing *United States v. One Parcel of Real Estate,* 864 F.Supp. 1267, 1269 (S.D.Fla. 1994); *255 Broadway,* 795 F.Supp. at 1234).

■ It is clear that the EAJA distinguishes between expenses and costs. As the Eleventh Circuit observed "[t]he EAJA authorizes the recovery of three types of litigation expenditures ... costs ... fees and other expenses." *Jean v. Nelson,* 863 F.2d 759, 776–77 (11th Cir.1988), *aff'd sub nom., Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The *Jean* court read the EAJA definition that " 'fees and other expenses include the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project *which is found by the court to be necessary for the preparation of the party's case,* and reasonable attorney fees ...,' " as an attempt by Congress "to enlarge[ ], rather than contract[ ], the category of expenses that are

reimbursable under the EAJA." *Id.* at 777–78 (quoting 28 U.S.C. § 2412(d)(2)(A)). The court thus "reject[ed] the government's argument that telephone, reasonable travel, postage, and computerized research expenses are not compensable under the EAJA." *Id.* at 778. *See also International Woodworkers of America v. Donovan,* 792 F.2d 762, 767 (9th Cir.1985) (finding that expenses routinely billed to a client such as telephone calls, postage, air courier and attorney travel, are recoverable under the EAJA); *The Taylor Group v. Johnson,* 919 F.Supp. 1545, 1555 (M.D.Ala.1996) (finding that compensable expenses include telephone, reasonable travel, postage, and computerized research expenses).

The Court finds that 28 U.S.C. § 2465 does not bar an award for claimants' expenses under the EAJA. Therefore, the claimants' request for an award of expenses, interpreted by the Court as a motion for reconsideration, is granted. The claimants are awarded reasonable expenses in the amount of $ 7,963.81.[9]

An appropriate Order follows.

### ORDER

**AND NOW** this **30th** day of **May 1997,** upon consideration of claimants' motion for reconsideration and supporting memoranda (doc. nos. 161 & 168), and government's response thereto (doc. no. 166), government's motion for reconsideration and supporting memorandum (doc. no. 162), and claimants' response thereto (doc. no. 165), claimants' motion for cost of living adjustment for attorney's fees and supporting memoranda (doc. nos. 160 & 164), claimants' itemized statement of counsel's hours, rates and expenses and supporting affidavits and documentation

---

**8.** Costs are defined in the taxation of costs chapter of title 28 of the United States Code as:

 (1) Fees of the clerk and marshal;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket Fees under section 1923 of this title;

 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
28 U.S.C. § 1920.

**9.** Expenses for October 1992 to February 2, 1993 are not awarded as the counsel for the claimants did not appear before the Court until February 3, 1993.

(doc. no. 163), and government's objections thereto and supplemental memoranda (doc. nos. 171 & 172), and claimants' reply to the government's objection (doc. no. 174).

For the reasons contained in the accompanying memorandum, it is **ORDERED** that the motions for reconsideration are **DENIED**; the claimant's motion for a cost of living adjustment is **GRANTED IN PART** and **DENIED IN PART**; the government's objections to claimants itemized statement of attorney's fees and expenses are **SUSTAINED IN PART** and **OVERRULED IN PART**; and the claimants' request for expenses, interpreted by the Court as a motion for reconsideration, is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2412(d), claimants are awarded attorney's fees of $142,643.76, for 1182 hours at a rate of $120.68 per hour, and expenses of $7,963.81.

**AND IT IS SO ORDERED.**