UNITED STATES of America, Plaintiff,

v.

ELEVEN VEHICLES, et al., Defendants.

No. CIV. A. 91–6779.

United States District Court,
E.D. Pennsylvania.

Jan. 14, 1999.

Michael L. Levy, Pamela Foa, Asst. U.S. Attys., Philadelphia, PA, Michael M. Baylson, Sonia C. Jaipaul, Maureen Barden, Robert E. Goldman, Ronald H. Levine, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Robert Clyde Ivy, Lancaster, PA, pro se.

Charles H. Ivy, Law Offices of Charles H. Ivy, Atlanta, GA, for Robert Clyde Ivy.

Wayne K. Radcliffe, Lancaster, PA, pro se.

Marilyn J. Gelb, Philadelphia, PA, for Wayne K. Radcliffe.

Terrance P. Faulds, Holtwood, PA, pro se.

Bruce A. Franzel, Oxenburg & Franzel, Philadelphia, PA, for Terrance P. Faulds.

Irene Ivy, Lancaster, PA, pro se.

Charles H. Ivy, Law Offices of Charles H. Ivy, Atlanta, GA, for Irene Ivy.

Fred D. Furman, Kleinbard, Bell & Brecker, Philadelphia, PA, for Kleinbard, Bell & Brecker.

James H. Foster, Mellon Bank, N.A., Harrisburg, PA, for Mellon Bank, N.A.

John H. Whitmoyer, Henry & Beaver, Lebanon, PA, for Lebanon Valley Nat. Bank.

Mark E. Cedrone, Carroll & Cedrone, Philadelphia, PA, for Gerald Schuler.

Elaine K. Radcliffe, Lancaster, PA, pro se.

Michelle E. Radcliffe, Lancaster, PA, pro se.

the Zoning Board is entitled to judgment as a matter of law, summary judgment will be entered in favor of the Zoning Board.

MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

This is a fee petition under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d)(1)(A). The petitioner was previously found by the Court to be a prevailing party in litigation against the United States and therefore entitled to an award of fees and other expenses incurred in the litigation. *Id.*

On March 26, 1996, after considerable litigation, the Court entered a final judgment against the Government in this case, retaining jurisdiction to entertain and determine any ancillary post trial motions, including claimants' request for attorneys' fees (docket no. 146).

On May 2, 1996, pursuant to the Court's Order of April 2, 1996, claimants' filed a motion to establish entitlement to an award of costs of reasonable attorneys' fees and expenses (docket no. 149). The Government opposed the motion (docket no. 154).

On August 30, 1996, the Court granted claimants' motion for entitlement to fees and costs and directed that claimants file an itemized statement of counsel's fees and expenses by September 30, 1996 (docket no. 158). *See*

*United States v. Eleven Vehicles,* 937 F.Supp. 1143 (E.D.Pa.1996).

Pursuant to the Court's Order, on September 30, 1996, claimants filed an itemized statement of counsel's hours, rates, and expenses (the "first itemized statement"). On October 30, 1996, the Government filed objections to claimants' first itemized statement. On May 30, 1997, the Court awarded claimants $142,643.76 for 1,182 hours at a rate of $120.68 per hour (statutory cap plus cost of living increases) and expenses of $7,963.81 (docket no. 176). *See United States v. Eleven Vehicles,* 937 F.Supp. 1143 (E.D.Pa.1996).

On August 27, 1997, claimants filed the instant statement of counsel's fees, hours, and expenses (the "second itemized statement") requesting $23,333.81 in fees and $560.00 in expenses for the work performed by counsel after September 26, 1996, the cutoff date for the first itemized statement.

On October 10, 1997, the Government filed objections to both the timeliness as well as the merits of the second itemized statement. It is the second itemized statement, in light of the Government's objections, that is presently before the Court.[1]

On considering claimants' second itemized statement for fees and costs, the

---

1. The parties vigorously debate whether the filing of a "supplemental" fee application is timely in this case or whether it is even contemplated under the EAJA. The Government argues that the second itemized statement is, in essence, a motion for reconsideration of Federal Rule of Civil Procedure 59, which under the Federal Rules of Civil Procedure had to be filed within ten (10) days of the entry of judgment. In *Brown v. Local 58, Int'l Bhd. of Elec. Workers, AFL–CIO,* 76 F.3d 762, 769–70 (6th Cir.1996), a case cited by the Government, this argument appears to have been rejected:

> [A]n application for fees and costs generally is not a Rule 59(e) motion. Also, we believe that the fact that this application was supplemental to another fee application does not transform the request into a Rule 59(e) motion. The supplemental application did not ask the district court to alter or reconsider its original order granting fees; it merely sought to recover for the time period not addressed in the original application. If we adopted [defendant's] reading of Rule 59(e), litigants would be forced to file a supplemental application in conjunction with the original application.

The *Brown* court pointed out that this approach was consistent with the Supreme Court teaching that "a request for attorney's fees raises legal issues collateral to the underlying cause of action, 'issues to which Rule 59(e) was never intended to apply.'" *Brown,* 76 F.3d at 769, *quoting White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982).

While the Government points to subsection (a) of Rule 59, which deals with amendments to previously entered findings of fact by the Court, and *Brown* dealt with subsection (e), which deals with amendments to a judgment, the Court sees no reason why the *Brown* rationale concerning Rule 59(e) is not equally applicable to an argument that a supplemental or follow-up fee petition should be treated as having been filed under Rule 59(a). Therefore, the Court considers this second itemized statement to be timely. *Cf. Dunn v. United States,* 775 F.2d 99, 104 (3rd Cir.1985) (permitting supplemental filing to cure deficiencies of original application so long as the original application puts the Government on notice that claimant seeks fees under the EAJA).

Court is informed by the Supreme Court's twin injunction that "a request for attorney's fees should not result in a second major litigation," *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and that "the EAJA like other fee shifting statutes favors treating the case as an inclusive whole rather than as atomized line-items." *Commissioner, Immigration & Naturalization Serv. v. Jean,* 496 U.S. 154, 161–62, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Also, the Court recognizes that once a party objects to a fee application, the Court has wide discretion in determining the amount of the fee. *Hensley,* 461 U.S. at 436–37, 103 S.Ct. 1933.

■ Consistent with this direction from the Supreme Court, the Court will consider the second itemized statement, together with the first itemized statement submitted by counsel, which resulted in the initial fee award. In other words, rather than inquiring into the particulars of the second itemized statement, as a separate and distinct event, unlinked to the factors that informed the Court's rulings in the first itemized statement, the Court will consider what overall award of fees and expenses for *all* the work counsel has performed in this case, will yield a reasonable fee.

The Court has previously considered the appropriateness of counsel's request for fees in connection with the first itemized statement. *See United States v. Eleven Vehicles,* 966 F.Supp. 361, 365–368 (E.D.Pa.1997); *United States v. Eleven Vehicles,* 937 F.Supp. 1143, 1149–1156 (E.D.Pa.1996). During these prior proceedings, the Court considered both the statutory requirements under the EAJA and the lodestar method applicable to fee-shifting statutes in an effort to arrive at a "reasonable fee." The factors considered by the Court in arriving at the fee award based on the first itemized statement included: the results obtained, the quality of the legal work prepared by counsel, the reasonableness of the time spent by counsel in the litigation and the reasonableness of the hourly fee claimed, the distance between counsel's office and the site of the litigation, the availability of other counsel to pursue the matter on behalf of claimants, counsel's pro-

fessional qualifications, counsel's undisclosed work on behalf of petitioner before he was appointed counsel by the Court in this matter and for which he sought compensation, and counsel's blood relation to one of the claimants. *Id.*

■ In connection with the second itemized statement, in addition to the factors previously considered, the Court will consider the following additional factors: (1) the supplemental request involves work performed on motions for reconsideration of doubtful validity filed by *both* parties, *see Eleven Vehicles,* 966 F.Supp. at 364–65 (pointing out that both parties were "rehashing" their previous arguments), after the Court's determination of the merits and litigation over the fee award, *see* Tr. of telephone conference with counsel of November 9, 1998, at 3–4, and (2) the 190 hours spent by counsel appears "excessive, redundant and otherwise unnecessary." *Becker v. ARCO Chemical Co.,* 15 F.Supp.2d 621, 633 (E.D.Pa.1998), *quoting Hensley,* 461 U.S. at 433, 103 S.Ct. 1933.

Viewed in this light and having taken into account all of the factors considered in connection with the first itemized statement and the additional factors that bear upon the second itemized statement, the Court concludes that the previously awarded fee of $142,643.76 plus $5,000 for the work performed after September 26, 1996, for a total of $147,643.76, is a reasonable fee in this case.

Finally, counsel has incurred expenses in the amount of $560.00 since the filing of the last petition. Since the Court previously determined that counsel was entitled to full reimbursement for expenses, and the current claim appears legitimate and reasonable, the $560.00 request for reimbursement of expenses will be awarded to the plaintiff.

An appropriate Order follows.

### ORDER

**AND NOW,** this 14th day of **January, 1999,** upon consideration of claimants' supplemental itemized statement of counsel's hours and expenses (doc. no. 177), and the respons-

es thereto, it is hereby **ORDERED** as follows:

Claimants' request for supplemental fees is **GRANTED IN PART** and **DENIED IN PART** in the amount of $5,000.00.

Claimants' request for supplemental costs in the amount of $560.00 shall be **GRANTED**.

**AND IT IS SO ORDERED.**