ALITO, Circuit Judge,
concurring:
I concur in the Court’s judgment, but I write separately to explain my understanding of certain threshold jurisdictional questions and of the District Court’s task on remand.
I.
I cannot agree with the majority’s implicit conclusion that the issue of whether a Rule 59(e) motion is timely filed must be noticed sua sponte by this Court. The District Court rejected the government’s Rule 59 argument and the government did not appeal this issue. Therefore, unless the question of timely filing implicated the District Court’s subject matter jurisdiction, it is not properly before this Court. I believe that Rule 59 is merely a procedural bar, akin to a statute of limitations, that *216 curtails a District Court’s authority to permit an untimely motion to amend but does not deprive it of subject matter jurisdiction. Accordingly, I think that we need not reach the merits of this question.
Rule 59(e) provides that “[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.” Fed.R.Civ.P. 59(e). Rule 6 further provides that a district court “may not extend the time for taking any action” under Rule 59(e). Fed.R.Civ.P. 6(d). In this sense, the time limit imposed by the rule is “mandatory and jurisdictional.” de la Fuente v. Central Elec. Coop., Inc., 703 F.2d 63, 64 n. 1 (3d Cir.1983) (quoting White v. New Hampshire Dep’t of Employment See., 629 F.2d 697, 699-700 (1st Cir.1980)).
Simply because the District Court has no power to extend the Rule 59 filing period, however, does not mean that the rule implicates subject matter jurisdiction.[1] By its terms, Rule 59 does not govern subject matter, but rather sets a mandatory procedural limitation on the District Court’s discretion to entertain a motion to amend. Cf. Curacao Drydock v. M/V Akritas, 710 F.2d 204, 206 (5th Cir. 1983) (construing Fed.R.Civ.P. 4(a), governing timely notice of appeals, as procedural but not implicating subject matter jurisdiction). Viewing Rule 59 as a merely procedural bar accords with Rule 82’s mandate that “[tjhese rules shall not be construed to extend or limit the jurisdiction of the United States District Courts.” Fed.R.CivP. 82. See also 14 Moore’s Federal Practice § 82.02 (1999) (“For the purpose of [Rule 82], jurisdiction means subject matter jurisdiction”) (emphasis in original); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (“It is axiomatic that the Federal Rules of Civil Procedure do ’ not create or withdraw federal jurisdiction.”). Judge Flaum, writing for six judges in an evenly-split Seventh Circuit decision, elucidated this point:
Subject matter jurisdiction is not ... necessarily the appropriate approach to the 10-day timeline of [Rule 59]. Subject matter jurisdiction is controlled by a statute explicitly labeled as such. Neither Rule 59 not Rule 6 are styled jurisdictional. Moreover, subject matter jurisdiction is informed by concerns for federalism. No such concern is present here.... Had Congress intended the 10-day time period to be interpreted like subject matter jurisdiction, it would have said so; yet it was silent.
Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1569 (7th Cir.1990) (en banc) (Flaum, J., concurring).
Finally, I would note that both the Supreme Court and this Court have recognized an equitable exception to Rule 59. This “unique circumstances” exception, first announced in Thompson v. INS, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam), permits a litigant who relies on an extension improperly issued by the District Court to perfect his appellate rights by filing a Rule 59 motion within the period extended by the court’s order. See Kraus, 899 F.2d at 1362. Although this narrow exception does not apply to the present case, the mere fact that there is an equitable exception shows that Rule 59’s strictures do not implicate Article III subject matter jurisdiction: “[e]quitable tolling or estoppel simply is not available when there are jurisdictional limitations.” Shendock v. Director, Office of Workers’ Compensation Programs, 893 F.2d 1458, 1466 (3d Cir.1990) (en banc).
*217 If, as I conclude, Rule 59 does not implicate subject matter jurisdiction, then this Court is not required to notice the issue of untimely filing on its own initiative. While I have no substantive disagreement with the Court’s conclusion that Rule 59(e) does not apply to supplemental fee requests, I believe that we need not reach this issue because the government failed to preserve it for appeal.
II.
I agree with the Court that the District Court had jurisdiction under the Equal Access to Justice Act (EAJA) to consider the Ivys’ supplemental request for attorney fees and expenses. I would, however, employ a somewhat different analysis in reaching this conclusion.
The EAJA requires that a party seeking a fee award submit its application to the court “within thirty days of final judgment in the action.” 28 U.S.C. S 2412(d)(1)(B). The majority holds that “the underlying ‘action’ here is the Government’s forfeiture proceeding.... The ‘final judgment’ contemplated by the statute ... is the[March 26, 1996] judgment dismissing that forfeiture proceeding.” Maj. Op. at 209. The majority then dismisses the District Court’s August 30, 1996 ruling awarding, inter alia, a certificate of reasonable cause to the government as “ancillary” and “involv[ing] only post-judgment residual proceedings.” Maj. Op. at 209.
I disagree. In my view, the order granting a certificate of reasonable cause was an “ ‘integral part’ of the final judgment on the merits even though not entered concurrently with that judgment.” United States v. One 1986 Ford Pickup, 56 F.3d 1181, 1185 (9th Cir.1995) (per curiam). The Supreme Court has emphasized that the finality requirement should be given “a practical rather than a technical construction.” Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (citation omitted). Under this functional standard, “a ‘final decision’ generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). As the Ford Pickup court noted, the decision whether to grant a certificate of reasonable cause is functionally part of the merits judgment: a certificate may be granted only by the judge presiding over the forfeiture action; it is binding on the parties and bars any future action for damages; and it must be issued soon after the entry of judgment, before costs are taxed. See 56 F.3d at 1185. Most importantly, the decision of whether or not to grant the certificate involves questions of fact and law that are intimately tied to the merits of the underlying forfeiture action.[2] On this basis, I believe that the relevant “judgment” in this case — the one “which end[ed] the litigation on the merits,” Catlin, 324 U.S. at 233, 65 S.Ct. 631 — was the August 30, 1996 order granting the certificate of reasonable cause.
Under the EAJA, a “final judgment” is “a judgment that is final and not appealable.” 28 U.S.C. § 2412(d)(2)(G). The 30-day period for filing an EAJA attorneys fee claim does not begin to run “until the time for filing a notice of appeal [has] expired.” Baker v. Sullivan, 956 F.2d 234, 235 (11th Cir.1992) (per curiam). Because the parties filed Rule 59(e) motions for reconsideration of the District Court’s August 30 judgment, the time for appeal did not begin to run until “the entry of the order disposing of the last such motion outstanding.” Fed. RApp. P. 4(a)(4)(C).
*218 Thus, the appellate door in this case did not close until 60 days after the May 30, 1997, adverse ruling on the motions for reconsideration. See Fed. R.App. P. 4(a)(1) (setting 60-day limit for appeal in cases where United States is a party). The Ivys’ motion for supplemental fees was filed within 30 days of the end of the appeals period, placing it well within the EAJA’s statutory window of opportunity. Because I believe that the supplemental motion was filed within the statute’s 30-day time limit, I see no need to consider whether the District Court could, in its discretion, entertain a later-filed supplemental fee request.
III.
Finally, I am in general agreement with part III of the opinion of the Court.[3] I write separately, however, to express my view that the “proportionality review” alluded to in part IIID is necessarily limited in scope. Once an adverse party has made a sufficiently specific challenge to a particular expense area, a District Court should certainly look back to previous awards in the same area in determining the reasonableness of the requested supplemental fee. In this sense, every supplemental fee request entails a “global” review of the entire fee award.
I do not, however, read the opinion of the Court to authorize a District Court to conduct a plenary review of an entire EAJA fee award for “proportionality” based on a general allegation of unreasonableness by the objecting party. Such a reading would vitiate the well-established principle that a District Court cannot sua sponte order a reduction of what it perceives to be an excessive fee. See, e.g., McDonald v. McCarthy, 966 F.2d 112, 118-19 (3d Cir.1992); Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir.1990); Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir.1989). Permitting such free-ranging discretion would unwisely abandon “the carefully crafted set of rules for the exercise of district court discretion in fee shifting cases” for “some standardless rule of district court gestalt.” Cunningham v. City of McKeesport, 753 F.2d 262, 267 (3d Cir.1985).
On remand, the District Court should be free to consider (and explain in its opinion) whether properly-challenged fee categories were “excessive” in light of both the initial and the supplemental fee requests. However, the government’s bare allegation “in general terms that the time spent was excessive” is not, in my view, enough to empower the District Court to conduct a generalized proportionality review of the entire fee award. See Bell, 884 F.2d at 720.

. Although this Court has occasionally referred to Rule 59 as "jurisdictional,” none of these cases discussed whether the rule implicates subject matter jurisdiction. See, e.g., Schake v. Colt Indus. Operating Corp. Severance Plan for Salaried Employees, 960 F.2d 1187, 1192 (3d Cir. 1992); Kraus v. Consolidated Rail Corp., 899 F.2d 1360, 1362 (3d Cir.1990). I believe that these opinions used the language of “jurisdiction” only to emphasize the mandatory nature of the 10-day time limit, not to imply some connection with Article III subject matter jurisdiction.

. The litigation over the certificate of reasonable cause cannot be dismissed as mere "cost litigation." Although the grant of the certificate did preclude Ivy from recovering costs for the forfeiture claim, it also addressed substantive issues of liability that would be highly relevant if Ivy chose to file a § 1983 claim against the seizing officers or prosecutors in the case. See 28 U.S.C. § 2465 (if certificate is issued, neither the person who made the seizure nor the prosecutor shall "be liable to suit or judgment on account of such suit or prosecution”).

. For the reasons stated above, I do not agree with the majority’s conclusion in part III(A) that the motion to reconsider the grant of a certificate of reasonable cause merely "litigated the issue of the Ivy's entitlement to costs for the underlying forfeiture claim.” Maj. Op. at 211. I agree, however, with the majority's general point that the District Court may decline to award fees for unsuccessful litigation on particular issues, see, e.g., Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), especially when, as the District Court found here, the party was merely "rehashing” previous arguments “of doubtful validity.” United States v. Eleven Vehicles, 36 F.Supp.2d 237, 239 (E.D.Pa. 1999).