**Sam MANNINO, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.**

No. 97–784.

United States Court of Veterans Appeals.

Feb. 19, 1999.

Theodore C. Jarvi was on the pleadings for the appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Peter M. Donawick were on the pleadings for the appellee.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

STEINBERG, Judge:

On May 12, 1997, the appellant, Vietnam-era veteran Sam Mannino, appealed through counsel a March 25, 1997, decision of the Board of Veterans' Appeals denying an increased rating for residuals of a right-patella fracture. Pursuant to a joint motion by the parties, the Court, on December 29, 1997, entered an order that vacated that decision and remanded the matter. On January 21, 1998, the appellant filed through counsel an application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary filed a response, and the appellant filed a reply. For the reasons that follow, the Court will grant the application, and order the award of EAJA fees and expenses consistent with the hourly rate provided for in this opinion.

## I. Background

The appellant's EAJA application seeks $5,184.45, based on an hourly rate of $142.43 for 36.4 hours. On February 17, 1998, the Secretary filed a response to the appellant's EAJA application. The Secretary contests only the hourly rate used by the appellant. He argues that the hourly rate should be $136.13, not $142.43 as claimed by the appellant. Based on this lower hourly rate, the Secretary does not oppose an award of $4,955.13 ($229.32 less than the appellant's application). In an April 15, 1998, reply, the appellant submits that he computed his hourly rate by using the U.S. Department of Labor's Consumer Price Index (CPI) for All Urban Consumers (CPI–U) for the first quarter of 1996 and a Phoenix, Arizona, CPI rate for the fourth quarter of 1997.

On July 21, 1998, the Court issued an order indicating that *Elcyzyn v. Brown* appeared to permit a practitioner to choose in this Court either the U.S. CPI–U [hereinafter national CPI] or the CPI–U for the regional or local area where the services were performed [hereinafter regional CPI or local CPI] to determine an appropriate rate of inflation over the statutory rate. *Elcyzyn*, 7 Vet.App. 170, 181 (1994) ("the appropriate cost[-]of[-]living index in determining whether a higher attorney fee under the EAJA is justified is the national CPI-[U] or the CPI-[U] for the region or local area where the services were performed"). The Court noted that the appellant had apparently used both the national and local CPI to arrive at the highest hourly rate possible, whereas the Secretary's calculation was based upon using a Phoenix CPI rate for both quarters. The Court ordered the appellant, within 14 days,

to show cause why the Court should not grant the fee application in the amount suggested by the Secretary. The appellant did not respond to the Court's order.

## II. Analysis

As originally enacted, 28 U.S.C. § 2412(d)(2)(A) provided that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the [cost-of-living] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee". However, on March 29, 1996, the Contract with America Advancement Act of 1996 was enacted, which, inter alia, increased the $75 base rate to $125 per hour. Pub.L. No. 104–121, § 232, 110 Stat. 841, 863 (1996) (codified at 28 U.S.C. § 2412(d)(2)(A)). The amendment was made effective to "apply to civil actions and adversary adjudications commenced on or after the date of the enactment". Pub.L. No. 104–121, § 233, 110 Stat. at 864 (found at § 2412(d) note). Because the underlying appeal here was filed on May 12, 1997, the hourly rate for this application will be calculated based on the amended $125.

In *Elcyzyn*, this Court adopted the CPI–U rather than "the personal services CPI which includes legal services". *Elcyzyn*, 7 Vet.App. at 179–81. That holding, as contrasted with the reference to the use of "the national CPI-[U] or the CPI-[U] for the regional or local area", was the essence of the Court's determination. *Ibid.* Although the Court has permitted appellants to choose among these indices, the *Elcyzyn* opinion did not reflect a considered analytical decision to provide such a choice to an EAJA applicant. Having considered this matter further in the context of this case, the Court amplifies its *Elcyzyn* position by holding that in determining attorney fees under the EAJA the local CPI will be applied where one is available or, where not, the regional CPI will be applied, to calculate the rate of inflation over the statutory rate. *See Kunz Constr. Co. v. United States*, 16 Cl.Ct. 431, 438 n. 6 (1989) ("Metropolitan San Antonio is not one of the 27 local areas for which CPI provides data; nonetheless, CPI does publish figures by region of the country and by size of city within re-

gions. It is these latter figures which shall be consulted here."). We have chosen this option—rather than specifying the national CPI in all cases, or using the national CPI in the event that there is no local CPI—because we believe that the national policy underlying the EAJA (to encourage the representation of persons with claims against the United States, *see* S.Rep. No. 102–342, at 39–40 (1992); H.R.Rep. No. 102–1006, at 25 (1992), *reprinted in* 1992 U.S.C.C.A.N. 3921, 3934), is better served by tying the attorney-fee rate paid more closely to the actual CPI increase where the attorney works. In so holding, we embrace the following reasoning of the U.S. Claims Court (now the U.S. Court of Federal Claims), which is a national court as is this Court: "[I]n view of the diverse nature of various cities' and regions' economies, it is concluded that recognizing the [cost-of-living] increases actually experienced by the EAJA applicant is the fairer course". *Cox Constr. Co. v. United States*, 17 Cl.Ct. 29, 37 (1989). The rule that the Court adopts today avoids two possible pitfalls that could result from application of either a one-size-fits-all, national CPI or a default to a national CPI rather than the applicable regional CPI: (1) Depriving an attorney of the actual increase in the CPI where he works when that increase (if measured locally or at least regionally) is greater than the increase in the national CPI; or (2) creating a windfall where the national CPI increase is greater than either the applicable local or regional CPI increase.

We note further that, although there is a split of authority on this question, the weight of authority in the U.S. courts of appeals appears to favor the use of a local CPI rather than the national CPI. The D.C. Circuit apparently allows the local rate when that is how the application is presented. *See Jones v. Lujan*, 887 F.2d 1096, 1101 n. 8 (D.C.Cir. 1989); *Wilkett v. ICC*, 844 F.2d 867, 875 (D.C.Cir.1988); *Hirschey v. FERC*, 777 F.2d 1, 5 n. 24 (D.C.Cir.1985); *see also Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir.1988) (remanding for district court to determine cost-of-living increase in Dallas area). Several district court opinions have applied the local rate, although apparently because that was the rate in the EAJA application. *See*

Clevenger v. Chater, 977 F.Supp. 776, 779–81 (M.D.La.1997); National Ass'n of Mfrs. v. Dep't of Labor, 962 F.Supp. 191, 198 (D.D.C. 1997) (applying District of Columbia area CPI); Bacon v. Secretary of HHS, 786 F.Supp. 434, 441 (D.N.J.1992); Butts v. Bowen, 775 F.Supp. 1167, 1172–73 (N.D.Ill.1991) (expressly allowing plaintiff to elect Chicago rate).

Moreover, it appears that the U.S. Court of Federal Claims has consistently applied a local CPI. See Griffin & Dickson v. United States, 21 Cl.Ct. 1, 10, 10 n. 11 (1990) (applying local rate for Dallas–Fort Worth); Cox Constr. Co., supra (rejecting argument of United States that U.S. Claims Court should use national rate instead of local rate because it "has national jurisdiction and its bar is a national bar"); Kunz Constr. Co., supra. But see Griffin & Dickson, 21 Cl.Ct. at 10 ("Court can adjust fees based either on national or local Consumer Price Index (CPI) figures"; however, case cited as authority, Cox, supra, does not seem to support such an either/or approach).

On the other hand, some U.S. District Courts have applied the national CPI. See United States v. Eleven Vehicles, 966 F.Supp. 361, 366 n. 5 (E.D.Pa.1997) (although stressing that legal services were performed in two different urban areas); Ortiz v. Chater, No. 95 CV 3126 ERK, 1997 WL 50217, at *4 (E.D.N.Y. Jan. 30, 1997) (although noting that the Second Circuit had not "specified whether a national or local cost-of-living adjustment should be used"); Eames v. Shalala, No. 81–CV–0483E, 1994 WL 520972, at *5 (W.D.N.Y. Sept. 22, 1994) (finding national index "less likely to contain error"); Stewart v. Sullivan, 810 F.Supp. 1102, 1107 (D.Hawai'i 1993) (although citing non-EAJA-fee cases for its conclusion that courts generally use the national rate); National Law Center on Homelessness and Poverty v. U.S. Dep't of Veterans Affairs, 799 F.Supp. 148, 157 n. 10 (D.D.C.1992) (although noting contrary authority from the D.C. Circuit in Wilkett and Hirschey, infra ); Wedra v. Thomas, 623 F.Supp. 272, 278 (S.D.N.Y.1985); see also Gregory C. Sisk, The Essentials of the Equal Access to Justice Act: Court Awards of At-

torney's Fees for Unreasonable Government Conduct (Part Two), 56 LA. L.REV. 1, 213 (1995). In view of the rationale set forth above, we consider this line of cases less persuasive than the contrary cases noted previously.

## III. Conclusion

Accordingly, the Court grants the January 21, 1998, EAJA application subject to recalculation of the hourly rate as prescribed below. Because we will now require the use of the local CPI-U where there is one or, where there is none, the regional CPI-U, and because there is no local CPI-U for the Phoenix area (see Appendix to this opinion), we will allow the appellant to file and serve on the Secretary, not later than 20 days after the date of this opinion, a revised accounting using the regional CPI-U (for the West) for all hours claimed. Cf. Kunz Constr. Co., 16 Cl.Ct. at 440–41, Appendix. Thereafter, the Secretary may file, not later than 20 days after service on him of the appellant's revised accounting, any objections to that accounting. If, within that 20–day period, the Secretary files no objections or indicates that he will not do so, the Clerk of the Court is directed to enter an order awarding the amount requested in the appellant's revised accounting. If the Secretary files objections, a conference pursuant to Rule 33 of the Court's Rules of Practice and Procedure would be available to assist in resolving any differences. See Shaw v. Gober, 10 Vet.App. 498, 506 (1997); Uttieri v. Brown, 7 Vet.App. 415, 420 (1995).

APPLICATION GRANTED.

## APPENDIX
LOCAL AREAS FOR WHICH CONSUMER PRICE INDEXES ARE PUBLISHED [1]

Monthly:
Chicago–Gary–Kenosha, IL–IN–WI
Los Angeles–Riverside–Orange County, CA
New York–Northern New Jersey–Long Island, NY–NJ–CT–PA

Bimonthly in odd months (i.e., January, March, etc.):
Boston–Brockton–Nashua, MA–NH–ME–CT
Cleveland–Akron, OH
Dallas–Fort Worth, TX
Washington–Baltimore, DC–MA–VA–WV

Bimonthly in even months (i.e., February, April, etc.):
Atlanta, GA

1. U.S. Bureau of Labor Statistics, CPI Detailed Report for July 1998.

Detroit–Ann Arbor–Flint, MI
Houston–Galveston–Brazoria, TX
Miami–Fort Lauderdale, FL
Philadelphia–Wilmington–Atlantic City, PA–NJ–DE–MD
San Francisco–Oakland–San Jose, CA
Seattle–Tacoma–Bremerton, WA

Semiannually (in January and July):
Anchorage, AK
Cincinnati–Hamilton, OH–KY–IN
Denver–Boulder–Greeley, CO
Honolulu, HI
Kansas City, MO–KS
Milwaukee–Racine, WI
Minneapolis–St. Paul, MN–WI
Pittsburgh, PA
Portland–Salem, OR
San Diego, CA
St. Louis, MO–IL

REGIONS FOR WHICH CONSUMER PRICE INDEXES ARE PUBLISHED MONTHLY[2]

NORTHEAST
Connecticut
Maine
Massachusetts
New Hampshire
New Jersey
New York
Pennsylvania
Rhode Island
Vermont

SOUTH
Alabama
Arkansas
Delaware
District of Columbia
Florida
Georgia
Kentucky
Louisiana
Maryland
Mississippi
North Carolina
Oklahoma
South Carolina
Tennessee
Texas
Virginia
West Virginia

MIDWEST
Kansas
Illinois
Indiana
Iowa
Michigan
Minnesota
Missouri
Nebraska
North Dakota
Ohio
South Dakota
Wisconsin

WEST
Alaska
Arizona
California
Colorado

Hawaii
Idaho
Montana
New Mexico
Nevada
Oregon
Utah
Washington
Wyoming

2. U.S. Bureau of Labor Statistics, CPI Detailed Report for September 1998.