Citation Nr: 1450463 
Decision Date: 11/14/14 Archive Date: 11/26/14

DOCKET NO. 09-47 008 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for a back disorder.

2. Entitlement to service connection for a right shoulder disorder.

3. Entitlement to service connection for a right thumb and little finger disorder.

4. Entitlement to service connection for bilateral hearing loss.

5. Entitlement to service connection for an acquired psychiatric disorder other than posttraumatic stress disorder (PTSD), to include a depressive disorder and an anxiety disorder other than PTSD.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

D. Cherry, Counsel


INTRODUCTION

The Veteran served on active duty from November 1966 to October 1968. 

This matter is on appeal from rating decisions of the Department of Veterans Affairs (VA), Regional Office (RO) in Columbia, South Carolina. 

In March 2013, the RO denied the reopening of entitlement to service connection for PTSD. In a September 2014 rating decision, the RO denied entitlement to service connection for depression (to include anxiety) and the Veteran has filed a timely notice of disagreement with that rating decision. Since there is a previous final denial as to PTSD, pursuant to Clemons v. Shinseki, 23 Vet. App. 1 (2009), PTSD is not part of the issue that was denied in the September 2014 rating decision. Therefore, the issues are as stated on the title page.

In October 2014, the representative waived agency of original jurisdiction consideration of evidence in Virtual VA. The Board then obtained the Veteran's temporary claims file, which does not contain any new evidence that is relevant to the issues being adjudicated. In particular, the new chiropractic records pertain to treatment of a left shoulder disorder and not the right shoulder disorder that is on appeal. Therefore, a solicitation of a waiver of agency of original jurisdiction consideration of the additional evidence in the temporary claims file is unnecessary.

The issue of whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for PTSD has been raised by the record (see October 2014 statement of the Veteran), but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The issue of entitlement to service connection for an acquired psychiatric disorder other than PTSD is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. The weight of the evidence is against a finding that there was in-service back disorder, that the Veteran suffered an in-service back injury, or that his arthritis of the lumbar spine was manifested to compensable degree within one year of separation from active service.

2. The weight of the evidence is against a finding that there was in-service right shoulder disorder, that the Veteran suffered an in-service right shoulder injury, or that his arthritis or bursitis of the right shoulder was manifested to compensable degree within one year of separation from active service.

3. The weight of the evidence is against a finding that there was in-service right thumb and little finger disorder or that the Veteran suffered an in-service right thumb and little finger injury.

4. The weight of evidence is a finding that chronic hearing loss in either ear for VA purposes was demonstrated in service; that a chronic hearing loss for VA purposes in either ear was compensably manifested within one year of separation from active service; or that there is a nexus between the current bilateral hearing loss for VA purposes and service, to include in-service noise exposure.


CONCLUSIONS OF LAW

1. A back disorder was not incurred or aggravated while on active duty and arthritis of the lumbar spine may not be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2014).
 
2. A right shoulder disorder was not incurred or aggravated while on active duty and arthritis and bursitis of the right shoulder may not be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309.

3. A right thumb and little finger disorder was not incurred or aggravated while on active duty. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

4. Bilateral hearing loss was not incurred or aggravated while on active duty and may not be presumed to have been incurred in service. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.385 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The requirements of the 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or completeness of the application. VA notified the Veteran in August 2008 of the information and evidence needed to substantiate and complete a claim, to include notice of what part of that evidence is to be provided by the claimant, and notice of what part VA will attempt to obtain. In that letter, VA notified the appellant of how VA determines the disability rating and effective date. 

VA fulfilled its duty to assist the claimant in obtaining identified and available evidence needed to substantiate the claims being adjudicated to the extent possible, and, as warranted by law, afforded a VA examination. The RO obtained the Veteran's service treatment and personnel records, and VA treatment records.

The Veteran submitted private chiropractic treatment records. In a March 2014 authorization of release of medical records, the appellant identified two medical providers who prescribed psychotropic medications. The claimant indicated in that authorization that he was in treatment for joint pain. In September 2014, the RO associated electronic records from the William Dorn VA Medical Center (VAMC). The RO contacted the Veteran for clarification of the March 2014 release. The Veteran informed the RO that the treatment identified in the release was from 2008 to the present from the Dorn VAMC. Accordingly, it appears that the RO has obtained the records referenced by the Veteran. Neither the Veteran nor his representative has asserted that any additional pertinent records exist that are not current associated with the claims folder. On the contrary, in October 2014, the Veteran's representative asked for an adjudication of the claim on the merits. 

The RO attempted to obtain records from the Social Security Administration regarding the Veteran's claim for disability benefits. The Social Security Administration indicated that the medical records could not be sent because such records have been destroyed. VA has a heightened duty to assist the Veteran in developing his claim since the records may have been lost. O'Hare v. Derwinski, 1 Vet. App. 365 (1991). The case law does not, however, lower the legal standard for proving a claim but, rather, increases the Board's obligation to evaluate and discuss in its decision all of the evidence that may be favorable to the appellant. See Russo v. Brown, 9 Vet. App. 46, 51 (1996).

A report of an April 2009 VA examination reflects that the examiner reviewed the Veteran's claims file and his past medical history, recorded his current complaints, conducted an appropriate audiometic examination and interview, and rendered an appropriate diagnosis and an appropriate opinion consistent with the remainder of the evidence of record. The Board therefore concludes that the April 2009 examination report is adequate for purposes of rendering a decision in the instant appeal. See 38 C.F.R. § 4.2 (2014); see also Barr v. Nicholson, 21 Vet. App. 303, 312 (2007).

VA did not obtain an examination addressing whether the Veteran's back and right shoulder disorders are related to active service, nor did VA obtain an examination addressing whether the Veteran has a right thumb and little finger disorder and whether any such disorder is related to active service. The Board finds that examinations and medical opinions addressing the theory of entitlement as to all three claims are not necessary to decide the merits of these claims. Under the Veterans Claims Assistance Act of 2000 (VCAA), VA is obliged to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability; that the Veteran suffered an event, injury, or disease in service, or has a disease or symptoms of a disease listed in 38 C.F.R. §§ 3.309, 3.313, 3.316, and 3.317 manifesting during an applicable presumptive period; that the disability or signs and symptoms of disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4). The threshold for the duty to provide an examination is rather low, McLendon v. Nicholson, 20 Vet. App. 79 (2006); however, here the evidence of record is sufficient to decide the claims. 

As explained below, the Board finds based on the service records, the post-service treatment records, and the Veteran's own assertions that the weight of the evidence is against a finding that there was in-service back, right shoulder, or right thumb and little finger disorder; that the Veteran suffered an in-service back, right shoulder, or right thumb and little finger injury; or that his arthritis of the lumbar spine, arthritis of the right shoulder, or bursitis of the right shoulder was manifested to compensable degree within one year of separation from active service. Accordingly, there is no reason for VA to obtain VA examinations and medical opinions in connection with these claims.

In short, there is no error or issue that precludes the Board from addressing the merits of this appeal.

Claims for Service Connection

Service connection may be established for a disability resulting from a disease or injury incurred in or aggravated by active duty. See 38 U.S.C.A. § 1110.

Service connection may also be warranted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. Presumptive periods are not intended to limit service connection to diseases so diagnosed when the evidence warrants direct service connection. The presumptive provisions of the statute and VA regulations implementing them are intended as liberalizations applicable when the evidence would not warrant service connection without their aid. 38 C.F.R. § 3.303(d) (2014).

Certain chronic disabilities - such as arthritis and organic diseases of the nervous system - are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from active duty. 38 U.S.C.A. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. 

Service connection for impaired hearing shall only be established when hearing status as determined by audiometric testing meets specified pure tone and speech recognition criteria. See 38 C.F.R. § 3.385. Audiometric testing measures threshold hearing levels (in decibels) over a range of frequencies (in Hertz). See Hensley v. Brown, 5 Vet. App. 155, 158 (1993). 


Back and right shoulder disorders

As for the back disorder, the medical evidence shows a diagnosis of lumbar spondylosis with possible radiculopathy. With regard to the right shoulder disorder, the medical evidence shows diagnoses of degenerative changes, bursitis, tendinosis, impingement syndrome, adhesive capsulitis, rotator cuff tendinopathy, and superior labral tear. Thus, the Board finds that Davidson element (1), current disability, is satisfied.

The Veteran claims that he suffered in-service back and right shoulder injuries after falling off a tank. He asserts that he was treated for the right shoulder injury. The appellant is competent to report these injuries, but as explained below the Board does not find him credible even though he served in an artillery unit.

The service treatment records show no treatment, complaints, or findings of back or right shoulder symptomatology and no diagnosis of a back or right shoulder disorder. Accordingly, the service treatment records do not provide any evidence of an in-service injury or disease regarding either the back or the right shoulder.

A June 2008 VA treatment record reflects that the appellant reported that his right shoulder has continued to bother him since he fell off a tank in service. A July 2008 VA treatment record shows that the Veteran reported having had low back pain for over 40 years. A September 1996 private chiropractic record shows that the Veteran was treated for low back pain. The appellant reported that this symptomatology developed by lifting. He was asked when was the first time he was aware of this problem and whether he had ever had this problem or a similar problem before and if so to explain. He responded to both inquires by answering "none." In other words, this treatment record reveals that the claimant denied prior low back symptomatology. Similarly, a June 2004 private chiropractic treatment record shows treatment for right shoulder pain. The claimant indicated that this symptomatology began two days ago and that he had not had this problem or a similar problem before. Again, this treatment record reflects that the Veteran denied prior right shoulder symptomatology. The Board places great weight on these treatment records since they contain assertions made well before his claim for VA benefits in 2008. Therefore, the Board does not find him credible not only in his assertion of in-service back and right shoulder injuries from falling off a tank but also in his assertion of continuity of back and right shoulder symptomatology since those alleged in-service injuries.

As for presumptive disorders, the medical evidence shows that arthritis of the lumbar spine and arthritis and bursitis of the right shoulder were diagnosed until at least 2008.

To the extent that the Veteran is claiming that his current back and right shoulder disorders began in active service after the fall from a tank, the Board notes that although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issues in this case, a relationship between lumbar spondylosis, right shoulder degenerative changes, bursitis, tendinosis, impingement syndrome, adhesive capsulitis, rotator cuff tendinopathy, and superior labral tear, and active service falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1733 n. 4 (lay persons not competent to diagnose cancer).

In short, the weight of the evidence is against a finding that there was in-service back disorder, that the Veteran suffered an in-service back injury, or that his arthritis of the lumbar spine was manifested to compensable degree within one year of separation from active service. Moreover, the weight of the evidence is against a finding that there was in-service right shoulder disorder, that the Veteran suffered an in-service right shoulder injury, or that his arthritis or bursitis of the right shoulder was manifested to compensable degree within one year of separation from active service. Hence, the Board finds that Davidson element (2), in-service incurrence or aggravation of a disease or injury, is not satisfied.

The Board concludes that the preponderance of the evidence is against granting service connection for a back disorder and a right shoulder disorder. The benefit of the doubt rule enunciated in 38 U.S.C.A. § 5107(b) is not for application. There is not an approximate balance of evidence. See generally Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Right thumb and little finger disorder

Although the medical evidence of record does not show a current right thumb and little finger disorder, this claim turns on whether there was an in-service right thumb and little finger disease or injury.

A June 2008 VA treatment record reflects that the Veteran claims that when trying to launch an artillery round he dislocated his right little finger and injured his right thumb. An October 2008 VA treatment record shows that the appellant had had right thumb and little finger pain since only the beginning of the summer of 2008. Thus, the Veteran is not claiming continuity of right thumb and little finger symptomatology. 

In any event, the appellant is competent to report these injuries, but the Board does not find him credible even though he served in an artillery unit.
 
The service treatment records show no treatment, complaints, or findings of right thumb or little finger symptomatology and no diagnosis of a right thumb or right little finger disorder. Accordingly, the service treatment records do not provide any evidence of an in-service injury or disease regarding either the right little finger or the right thumb.

As to any claims of in-service injuries, to include injuries to the right thumb and little finger, the Board places great weight on the private chiropractic records dated prior to his claim in 2008 in which he denied any prior symptomatology as to the back and right shoulder. Since the Board did not find the Veteran credible as to his assertion of in-service back and right shoulder injuries, for the same reasons the Board does not find him credible as to his claim of in-service right thumb and little finger injuries.

In sum, the weight of the evidence is against a finding that there was in-service right thumb and little finger disorder or that the Veteran suffered an in-service right thumb and little finger injury. Accordingly, the Board finds that Davidson element (2), in-service incurrence or aggravation of a disease or injury, is not satisfied.

The Board concludes that the preponderance of the evidence is against granting service connection for a right thumb and little finger disorder. The benefit of the doubt rule enunciated in 38 U.S.C.A. § 5107(b) is not for application. There is not an approximate balance of evidence. See generally Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Bilateral hearing loss

The April 2009 VA audiological examination reports show that the Veteran has a bilateral hearing loss disability for VA purposes. See 38 C.F.R. § 3.385. Thus, the question is whether his current hearing loss and tinnitus are related to active service. See 38 C.F.R. § 3.303.

The Veteran's service personnel records show that he was a cannoneer. In light of his military occupation, the Board finds the claimant's contentions with regard to in-service noise exposure are competent and credible. See Charles v. Principi, 16 Vet. App. 370, 374 (2002); see also Barr v. Nicholson, 21 Vet. App. 303 (2007) (noting a Veteran is competent to testify as to his own observable symptomatology and in-service experiences). 

The Board has reviewed the service and VA treatment records and the VA examination report. The weight of the evidence is against a finding that chronic hearing loss in either ear for VA purposes was demonstrated in service; that a chronic hearing loss for VA purposes in either ear was compensably manifested within one year of separation from active service; or that there is a nexus between the current bilateral hearing loss for VA purposes and service, to include in-service noise exposure. Moreover, the Board finds the weight of evidence shows that there is no continuity of decrease in the ability to hear since separation from active duty.

The Veteran's service treatment records show no hearing loss disability for VA purposes in service. As to whether his bilateral hearing loss is related to military noise exposure, there is arguably conflicting evidence.

While the Board is not free to ignore the opinion of a treating physician, neither is it required to accord it additional weight. Guerrieri v. Brown, 4 Vet. App. 467, 471-73 (1993). The United States Court of Appeals for the Federal Circuit (the Federal Circuit) has declined to adopt a "treating physician rule," which would give preference, i.e., additional evidentiary weight, to this type of evidence. White v. Principi, 243 F.3d 1378 (Fed. Cir. 2001). In assessing medical opinions, the failure of the physician to provide a basis for his opinion goes to the weight or credibility of the evidence in the adjudication of the merits. Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998). Other factors for assessing the probative value of a medical opinion are the physician's access to the claims file and the thoroughness and detail of the opinion. Prejean v. West, 13 Vet. App. 444, 448-49 (2000). 

The United States Court of Appeals for Veterans Claims (the Court) has also held that the value of a physician's statement is dependent, in part, upon the extent to which it reflects "clinical data or other rationale to support his opinion." Bloom v. West, 12 Vet. App. 185, 187 (1999). Thus, a medical opinion is inadequate when it is unsupported by clinical evidence. Black v. Brown, 5 Vet. App. 177, 180 (1995). A medical opinion may not, however, be discounted solely because a medical professional did not review the claims file. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). Rather, the question is whether the medical professional was informed of all relevant facts in rendering a medical opinion. Id.

A June 2014 VA treatment record reflects that a VA otolaryngologist noted the Veteran's history of noise exposure and opined that the sensorineural bilateral hearing loss was consistent with noise exposure. However, the otolaryngologist did not specify whether the noise exposure incurred during or after service. In this regard, the report of the April 2009 VA examination reveals that the appellant had post-service noise exposure working in a kitchen and in a ribbon factory. Thus, the opinion is of little probative value to the question of whether the Veteran's hearing loss disability is related to inservice noise exposure, post-service noise exposure, or both. 

The July 2012 VA examiner opined that the current hearing loss is not due to military noise exposure. The Board places great weight on this opinion not because it was based on a review of the claims file whereas the opinion of the June 2014 VA treating doctor was not based on such a review. Instead, the Board places great weight on this opinion because it was based on a review of the separation examination and provided a basis for the opinion. The examiner noted that the Veteran had normal hearing at separation. The examiner also indicated that the literature does not support a finding of delayed-onset hearing loss from noise exposure.

To the extent the Veteran is claiming continuity of hearing difficulty symptomatology, the Board finds that he is competent to report symptomatology manifested by decrease in hearing ability but that he is not credible. At a June 1968 separation examination, the appellant reported a history of the mumps and whooping cough but denied a history of ear, nose, or throat trouble. Based on the reporting at the separation examination and the lack of any complaints of hearing loss for decades after service, the Board concludes that a continuity of symptomatology is not shown.

As to the Veteran's claim that his bilateral hearing loss disability, regardless of when its symptomatology began, is related to active service, the Board notes that although lay persons are competent to provide opinions on some medical issues, see Kahana, 24 Vet. App. at 435, as to the specific issue in this case, the etiology of hearing loss falls outside the realm of common knowledge of a lay person. See Jandreau, 492 F.3d at 1733 n. 4 (lay persons not competent to diagnose cancer). 

The Board concludes that the preponderance of the evidence is against granting service connection for a bilateral hearing loss disability. The benefit of the doubt rule enunciated in 38 U.S.C.A. § 5107(b) is not for application. There is not an approximate balance of evidence. See generally Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for a back disorder is denied.

Entitlement to service connection for a right shoulder disorder is denied.

Entitlement to service connection for a right thumb and little finger disorder is denied.

Entitlement to service connection for bilateral hearing loss is denied.


REMAND

In a September 2014 rating decision, the RO denied entitlement to service connection for depression (to include anxiety) and the Veteran filed a timely notice of disagreement with that rating decision in October 2014. As such, the AOJ must issue a statement of the case concerning this issue. Manlincon v. West, 12 Vet. App. 242 (1999). 

Accordingly, the case is REMANDED for the following action:

The AOJ should issue a statement of the case addressing entitlement to service connection for an acquired psychiatric disorder other than PTSD, to include a depressive disorder and an anxiety disorder other than PTSD. The Veteran is hereby informed that the Board may only exercise appellate jurisdiction over this matter if he perfects an appeal in a timely manner. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. § 20.200 (2014).

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).




______________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs